## GAITLEY v. GREENE.

(Circuit Court, N. D. New York. February 27, 1899.)

### No. 6,310.

1. PATENTS—INVENTION—MECHANICAL SKILL.
   The idea of providing a coiled-wire handle for implements which come in contact with heat, thus permitting a circulation of air, insuring sufficient coolness of the handle to permit of ready manipulation at all times, being once embodied in practical form, the subsequent work of fitting such handles to the bails of different vessels, and adjusting them to new environments, involves mere mechanical skill.

2. SAME—KETTLE BAILS.
   The Gaitley patent, No. 338,506, for a bail for lifting and carrying kettles, is void for want of invention.

This was a suit in equity by John E. Gaitley against William F. Greene for alleged infringement of a patent for a kettle bail.

Nelson Davenport, for complainant.
George A. Mosher, for defendant.

COXE, District Judge. This is an equity suit founded upon letters patent, No. 338,506, granted March 23, 1886, to the complainant for a new kettle bail. The patentee's object was to provide a novel bail for lifting and carrying kettles, and similar vessels, whereby the handle of the bail will remain sufficiently cool to permit the bail to be manipulated at any time. The claim is as follows:

"A kettle bail formed with two bends to produce abutments or shoulders, and provided with a separate coiled handle or grasp bearing at its ends against the bends, and through which coiled handle or grasp the bail centrally and loosely passes, substantially as described."

The idea of providing a coiled-wire handle for implements which come in contact with heat, thus permitting the circulation of air and insuring sufficient coolness of the handle to permit of ready manipulation at all times, was a novel one, and he who first put the idea into practical form was, without doubt, entitled to the rewards of an inventor. When, however, the embodiment of this fundamental idea once became public property, the subsequent work of fitting the handle to the bails of different vessels and adjusting it to new environments, seems to be within the domain of the skilled mechanic. The prior art shows that bails for kettles precisely similar to the bail of the patent, with the single exception that they were made of a continuous piece of wire instead of two pieces as in the complainant's

structure, had long been known. It is difficult to understand how invention can be based upon the construction of the bail and handle separately. But it is not necessary to determine the question, for this feature was also old. It is shown in several patents in the prior art, notably in the prior patents to the complainant. If the claim be strictly limited to the enumerated elements, which limitation appears to have been required by the examiner as a condition precedent to granting the patent, the defendant does not infringe, for the reason that the ends of the grasp do not bear against the abutments or bends of the bail. The court prefers, however, to rest the decision upon the defense of want of invention. The bill is dismissed.